## BROWN *vs.* RICKS.

Where rents, issues and profits, arising from trust property, have come into the hands of the trustee, during the lifetime of the *cestui que trust*, and were unaccounted for at the time of his death, his administrator is entitled to demand an account and settlement of the trustee.

In Equity, from Clay county.   Decided by Judge KIDDOO, at Chambers, ......... day of ........., 1859.

This bill was filed by George W. Brown, as the administrator of James N. Toney, deceased, to compel Robert G. Ricks, the defendant in error, to account for and pay over to the plaintiff in error, as such administrator, the property and rents, issues and profits thereof, due the deceased at the time of his death, and which, it was alleged, were in the possession of said Ricks, as trustee of the said Toney, under the will of deceased's father.

The provisions of the will of William Toney, deceased, the father of James N., so far as relates to the subject of this suit, are as follows:

Item 4. "I give and bequeath to my son, James N. Toney, of Clay county, Georgia, during his life, and to his lawful children, living or hereafter to be born, the following negro slaves," (naming some twenty negroes.) "I also will and give to said James N. Toney and his children, four thousand and six hundred dollars in cash, and my stock in the Southwestern Railroad, amounting to two thousand dollars; said cash and railroad stock to be taken possession of by said James and children's trustees, and managed by them, and paying the interest and dividends to said James and children. On the death of James N. Toney, the whole of the property devised to him by this will, is to go to and rest in his lawful children, or their representatives, in equal portions—making an equitable allowance for the support and education of the younger children. And all of the said property is to be taken into the possession and management of the lawful trustees of his children, to be held and managed for the support and education of them, and giving off to each his or her share, as they become of age or marry. Should James' wife,

Rhoda Ann, survive him, I wish a reasonable allowance paid her annually by the trustees for her support."

Item 8. "I will and direct that all my lands in Georgia, Alabama and elsewhere, except that given to brother John's wife and children, in item 6, be duly advertised and sold at public outcry, for one-third cash and the balance on one and two years' credit, or the whole on one and two years' credit, with interest from date of sale in both cases, as my executor may deem best, to be well secured with deeds of trust, or otherwise, and the money arising from their sales, and all moneys due me from other sources, or which I may have in hand, not otherwise disposed of by this will, be equally divided into three equal parts, and one-third be given to the wife and children of said Washington, one-third to said Eliza E. Ricks and children, and the other third to said James N. Toney and his children—all under the terms, qualifications, conditions, restrictions heretofore prescribed and repeated, touching legacies to the several persons or classes of persons.

Item 15. "I name and appoint Robert G. Ricks and such other person or persons as the proper Court may appoint, trustees for James N. Toney and children, to take and to hold the legal titles to all property given them by this will. I direct that there always be two trustees for this purpose. During James' life, I wish him to work his land and negroes; but after his death, I wish the trustees to take charge, possession and management of the same for his children's benefit."

The bill states that James N. Toney left at his death four children, who are still surviving, and that said deceased, at the time of his death, held the said property in joint tenancy with his said children, under and by virtue of said will. The rents, issues and profits of said property having gone into the hands of said Ricks, trustee, with the property itself, complainant filed his bill, as the representative of the deceased, asking that said trustee should account to him for the rents, issues and profits of said property due deceased as life-tenant under said will.

On demurrer, the Court dismissed the bill for want of equity, and counsel for complainant excepted, and assigns the same as error.

LAW & SIMS, for plaintiff in error.

Brown *vs.* Ricks.

DOUGLASS & DOUGLASS, *contra.*

*By the Court.*—LUMPKIN, J., delivering the opinion.

We think this a plain case. The bill alleges: The gift of sundry property by Colonel William Toney in trust for the joint use of his son, James N. Toney, during his life, and his lawful children, living or thereafter to be born, after his death. That there were interests and profits accruing in this property, during the life-time of James N. Toney, which were not received by him, but which came into the hands of his trustee—Robert G. Ricks—the defendant. That James N. Toney is dead; that the complainant has been duly appointed his administrator; and as such, he prays an account and settlement of the rents, issues and profits received by Ricks. The bill was demurred to and dismissed for want of equity.

If the facts charged are true, why should not this account be had? True, the administrator is entitled to nothing that has accrued since the death of his intestate. He claims nothing on that score.

It is suggested that there are no debts due and owing by the deceased, James N. Toney. No such fact appears, however, upon the face of the bill, nor otherwise, except by the suggestion in argument of the defendant's solicitor. By plea or answer, a special case should be stated. As the pleadings stand, the complainant is entitled to an account.